IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SGS NORTH AMERICA INC.,

        Plaintiff,

v.                                CIVIL ACTION NO.   2:20-cv-00216

ERP ENVIRONMENTAL FUND, et al.,

        Defendants.

## DEFAULT JUDGMENT ORDER

### I.   Introduction

Pending before the court is a Request for Default Judgment, [EFC No. 15], filed by Plaintiff SGS North America Inc. For the reasons that follow, the Request is **GRANTED IN PART** and **DENIED IN PART**. Damages are awarded in the amounts set forth below.

### II.   Background

Plaintiff is a consulting group that performs, among many other services, environmental monitoring of coal mining operations. Plaintiff filed its Complaint against ERP Environmental Fund, Inc.; Phoenix Federal No 2 Mining, LLC; and Clarke Investments, LLC, bringing claims of breach of contract, quantum meruit, unjust enrichment, and account stated against all defendants.

Defendants were served with the Summons and Complaint on April 13, 2020. Other than a later withdrawn Motion to Stay, [EFC Nos. 13, 19], by defendant ERP Environmental, Defendants have failed to appear or file a pleading responsive to Plaintiff's Complaint. The Clerk entered default against Defendants on May 22, 2020. [EFC No. 9]. Plaintiff then filed a Motion for Default Judgment under Rule 55(b)(1) of the Federal Rules of Civil Procedure.

### III.  Legal Standard and Discussion

Rule 55(b)(1) requires the Clerk to enter a default judgment against Defendants when Plaintiff has submitted a claim for a "sum certain" with "an affidavit showing the amount due" that states that Defendants are neither minors nor incompetent persons. Fed. R. Civ. P 55(b)(1). While Plaintiff's Motion and affidavit properly stated that Defendants are neither infants nor incompetent, it failed to provide a "sum certain or a sum that can be made certain by computation." *Id.* Therefore, the Motion is being treated as an application to the court for a default judgment under Federal Rule of Civil Procedure 55(b)(2).

The Motion and affidavit properly requested a default judgment against Defendants ERP Environmental, Inc. and Clarke Investments, LLC in the amount of $836,589.89, and a judgment against Defendant Phoenix Federal No 2 Mining, LLC, and Clarke Investments, LLC in the amount of $115,267.78. Ex. 1, [ECF No. 15]. Along with the affidavit, Plaintiff provided invoices totaling to these amounts as exhibits to its Motion.

In addition to these certain amounts, Plaintiff requested "costs and attorneys' fees" but did not provide an affidavit indicating what these costs are or will be. While this request for costs and attorneys' fees is appropriate under West Virginia law because it was an alleged term of the alleged contract between the parties, *Stonerise Healthcare, LLC v. Oates*, No. 19-0215, 2020 WL 3259625, at *5 (W. Va. June 16, 2020), a request for "costs and attorneys' fees" is not a sum certain without an affidavit providing information on how to calculate this sum. *Virginia Int'l Terminals, LLC v. Keystone Transp. Solutions, LLC*, 2:17-cv-537, 2018 WL 2054578, at *6 (E.D. Va. April 5, 2018); *East Coast Brokers and Packers, Inc. v. Whittington*, 2:05-CV-35-FL(3), 2006 WL 8438489, at *2 (E.D.N.C. May, 10 2006). Therefore, a default judgment for attorneys' fees and costs cannot be entered against Defendants without an affidavit providing the amount or how to calculate it. *See J&J Sports Prods., Inc. v. Good*, 2:18-cv-781, 2018 WL 6422467, at *3 (S.D. W. Va. Dec. 6, 2018) (awarding attorneys' fees in a default judgment when Plaintiffs requested specific sums).

### IV. Conclusion

The court **GRANTS** in part the Motion for Default Judgment, [ECF No. 15], with regard to the sums certain provided in the Motion and affidavit and **DENIES** without prejudice in part the Motion with regard to attorneys' fees and costs.

In accordance with Federal Rule of Civil Procedure 55(b)(2), the court **ENTERS** default judgment against the defendants ERP Environmental, Inc. and Clarke Investments, LLC jointly and severally for the sum of $836,589.89 plus post-

judgment interest, and against Phoenix Federal No 2 Mining, LLC, and Clarke Investments, LLC jointly and severally for the sum of $115,267.78 plus post-judgment interest. Post-judgment interest shall accrue, from today, at the statutory rate until the judgment is paid. *See* 28 U.S.C. § 1961 ("Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.").

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 24, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE