# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| SGS NORTH AMERICA, INC. | ) |
| *Plaintiff*, | ) Case No. 2:20-CV-00216 |
| | ) Honorable Joseph R. Goodwin |
| v. | ) |
| ERP ENVIRONMENTAL FUND, INC., | ) |
| PHOENIX FEDERAL NO 2 MINING, LLC, | ) |
| and CLARKE INVESTMENTS, LLC | ) |
| *Defendants*. | ) |

## PLAINTIFF'S MOTION TO REOPEN
## CIVIL ACTION AND APPOINT SPECIAL COMMISSIONER

Pursuant to Rules 60 and 69 of the Federal Rules of Civil Procedure and West Virginia Code Section 38-5-1, *et seq.*, Plaintiff SGS North America, Inc. ("SGS"), by counsel, respectfully moves this Court to reopen the above-captioned civil action and appoint a special commissioner to preside over proceedings in aid of execution with respect to the money judgment awarded by Default Judgment Order [ECF No. 20]. In support of this Motion, SGS states as follows:

1. SGS filed its Complaint against Defendants ERP Environmental Fund, Inc., Phoenix Federal No 2 Mining, LLC, and Clarke Investments, LLC, asserting claims of breach of contract, quantum meruit, unjust enrichment, and account stated.

2. On August 24, 2020, the Court entered a Default Judgment Order [ECF No. 20] awarding damages in the sum-certain amount of $836,589.89, plus post-judgment interest, against Defendants ERP Environmental, Inc., and Clarke Investments, LLC, jointly and severally; and

damages in the sum-certain amount of $115,267.78, plus post-judgment interest, against Phoenix Federal No 2 Mining, LLC, and Clarke Investments, LLC, jointly and severally.

3. Thereafter, writs of execution were sought, issued, and returned with respect to each Defendant, and Plaintiff has diligently pursued collection on the money judgment awarded by this Court.

4. Plaintiff has heretofore been unable to collect on the money judgment awarded.

5. On November 19, 2021, the Court entered an Order [ECF No. 58] dismissing this civil action and striking it from the docket.

6. Under Rule 60 of the Federal Rules of Civil Procedure, "the court may relieve a party . . . from a final judgment, order or proceeding" where it is justified. Fed. R. Civ Proc. 60(b)(6).

7. Defendants are indebted to Plaintiff for over $950,000 and despite Plaintiff's diligent efforts, including issuing subpoenas to over half-dozen financial services institutions and recording the judgment in relevant West Virginia counties, it has not been able to collect. Plaintiff intends to continue its collection efforts.

8. Plaintiff thus respectfully submits that vacating the Court's November 19 Order and reopening this matter is justified to enable the Plaintiff to continue availing itself of the power of the Court to enforce the Court's August 24, 2020 Default Judgment Order.

9. Further, Rule 69 of the Federal Rules of Civil Procedure provides that "[t]he procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. Proc. 69(a)(1).

10. "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person – including the judgment debtor – as provided in [the Federal Rules of Civil Procedure] or by the procedure of the state where the court is located." Fed. R. Civ. Proc. 69(a)(2).

11. West Virginia Code § 38-5-1 specifically sets out the procedure for ascertainment of a judgment debtor's estate:

> To ascertain the estate on which a writ of fieri facias issued by any court of record, or an execution issued by a justice of the peace, is a lien, and to ascertain any real estate in or out of this State to which a debtor named in such fieri facias or execution is entitled, upon application of the execution creditor, the clerk of the court from which the execution issued . . . shall issue a summons against the execution debtor . . . or any debtor or bailee of him or it, requiring the execution debtor to appear before a commissioner in chancery of the county from which the summons issued, or, if the execution creditor so directs, before a commissioner in chancery of the county in which such execution debtor resides, such commissioner and his county to be named in the summons; or against any debtor or bailee of such execution debtor, requiring such debtor or bailee to appear before a commissioner in chancery of the county where such debtor or bailee resides, such commissioner and his county to be named in the summons, such appearance to be made at a time and place to be designated therein, to answer upon oath such questions as shall be propounded at such time and place by counsel for the execution creditor, or by the commissioner.

W. Va. Code § 38-5-1.

12. A summons is to issue, according to the West Virginia Code, against the judgment debtor to appear before a commissioner of the county from which the summons issued, to answer upon oath questions propounded by counsel for the execution creditor or by the commissioner.

13. Plaintiff requests a Summons for Interrogatory in Aid of Execution to further ascertain the estate now existing of the Defendants. As writs of execution have been issued by the

Clerk of this Court based on the judgment entered in this Court, appointment of a Commissioner is requested in accordance with the procedures of West Virginia Code § 38-5-1, *et seq*.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order reopening this civil action and appointing a special commissioner to conduct proceedings in aid of execution in the referenced case.

DATED: December 3, 2021                             Respectfully submitted,

 /s/ Michael C. Cardi
Michael C. Cardi (WV Bar No. 12228)
Kayla A. Cook (WV Bar No. 11969)
BOWLES RICE LLP
University Town Centre
125 Granville Square
Suite 400
Morgantown, WV 26501
(304) 285-2565
mcardi@bowlesrice.com
kcook@bowlesrice.com

Julius M. Redd (admitted *pro hac vice*)
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000
jredd@bdlaw.com

*Counsel for Plaintiff SGS North America, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2021, I electronically filed the foregoing **Plaintiff's Motion to Reopen Civil Action and Appoint Special Commissioner**, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

>Robert G. McLusky, Esq.
>Jennifer L. Hughes, Esq.
>Jackson Kelly PLLC
>500 Lee Street East, Suite 1600
>Charleston, WV  25301
>rmclusky@jacksonkelly.com
>jlhughes@jacksonkelly.com
>*Counsel for Special Receiver*

/s/ Michael C. Cardi